

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 20, 1940

Honorable L. A. Woods
State Superintendent of Public Instruction
Department of Education
Austin, Texas

Dear Sir:

Attention Mr. T. M. Trimble,
First Assistant State Superintendent.

Opinion No. O-2338
Re: Boundary line between Grassland
   Independent School District of
   Lynn County and Graham Consoli-
   dated Common School District No.
   2 of Garza County.

This will acknowledge receipt of your letter of
May 6, 1940, reading, in part, as follows:

"In 1933 the State Supreme Court, in the
case of Garza County v. Lynn County, 58 S. W.
(2d) page 24, settled the boundary line between
Garza and Lynn counties. This boundary line did
not correspond with the heretofore recognized
boundary line which was the section line. Sec-
tions 1324, 404, 406, and 1358 of Garza County
had been considered a part of the Graham Common
School District of Garza County. When the Supreme
Court established the boundary line between the
counties, 111.7 acres of Section 1324, 114 acres
of Section 404, 117.8 acres of Section 406, and
120.2 acres of Section 1359, that had heretofore
been considered in Garza County, and the Graham
Common School District became a part of Lynn County.
The question I would like to submit for your con-
sideration is:

"Did the establishment of the boundary line
between the two counties, which placed the above
mentioned territory in Lynn County, effect the
boundary lines of the Graham Common School District
of Garza County and the contiguous Grassland

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Independent School District of Lynn County?"

Acknowledgment is also made of complete statements of fact (including copies of instruments) submitted by the county superintendents of Lynn and Garza Counties. These have been most helpful.

The question is as to the east boundary line of the Grassland Independent School District of Lynn County and the west boundary line of the Graham Common School District of Garza County. These boundary lines have been in dispute since 1933, when the Commission of Appeals, in an opinion approved by the Supreme Court, definitely established the boundary line between Lynn and Garza Counties west of certain section lines theretofore thought to represent the county line. Lynn County et al. vs. Garza County et al. (Com. App. 1933), 58 S. W. (2d) 24.

A careful examination of the statements and instruments submitted reveals the following:

(1) In the order of the Commissioners' Court of Garza County, Texas, of November, 1907, creating Common School District #2, Garza County, the west boundary of said school district was fixed solely in relation to the western line of Garza County. The field notes read, in part, as follows:

"Beginning at the intersection of the West line of the county with the North line of section 1365...."

The southwest corner of said school district was fixed by running from a point on the south line of Garza County "west to the southwest corner of the county; thence north to the place of beginning."

(2) In February, 1909, the form and size of Common School District #2, Garza County, was changed. Although the northwest corner of said district began at the northeast corner of Section 1366 (which section was and is in Lynn County), the southwest corner of said district was fixed as follows:

"South to the S. line of Garza County; West to SW corner of Garza County; North along the West line of Garza County to place of beginning."

(3) On March 10, 1917, an order of the Garza County Board of Trustees attempted to carve Common School District #16 out of Common School District #2. Only the east line of said

Honorable L. A. Woods, Page 3

new Common School District #16 is defined and this line is
incompletely described.

(4) On September 7, 1918, the boundaries of Common
School District #2 were redefined so as to exclude the portion
of the county in which it was attempted to create a school
district on March 10, 1917, known as Common School District #16.

(5) On August 4, 1919, the boundaries of Common School
District #16 were defined more accurately, and the northwest
and southwest corners and the entire west line of the same were
defined solely in relation to the county line.  The field notes
read:

"....and on to the west boundary line of
Garza County, Texas; Thence south along the west
boundary line of Garza County to the SW corner of
Garza County; Thence east along the south boundary
line of Garza County, to a point...."

(6) On May 22, 1920, Common School District #2 and
Common School District #16 were consolidated to be known as
Graham Chapel Common School District #2.  The boundaries of such
common school district, insofar as the west boundary line is
concerned, are as follows:

"Thence west to the south boundary line of
Garza County to the SW corner of Garza County.
Thence north along the West boundary line of Garza
County to the NW corner of section 1324.  Jno. S.
Miller Survey in Garza County, Texas."

It is apparent that it was considered that the north-
west corner of section 1324 was in Garza County.  It has been
established that it was not.

(7) Insofar as the present inquiry is concerned, the
action of the Garza County Board of Trustees on October 18, 1930,
in redefining the boundaries of Graham Consolidated Common School
District #2, is important.  This last description of said dis-
trict defines the entire west boundary line in relation to the
west boundary line of Garza County, Texas, as follows:

"Thence north three miles along the N boundary
lines of sections 1324, 1326, and 1328, to the West
line of Garza County; Thence south along the west
boundary line of Garza County to the SW corner of
Garza County.  Thence, east along the county line
to the place of beginning."

There is no ambiguity here.  It is clear that the

western extremity of Common School District #2 was the western boundary line of Garza County, Texas, wherever such line might be.

(8) Grassland Common School District #21 of Lynn County, Texas was first created on July 1, 1916. The boundaries were redefined on June 1, 1918, April 5, 1919 and April 16, 1920. In each instance the course called for was "along the East boundary line of Lynn County." In 1923 the Regular Session of the 38th Legislature created the Grassland Independent School District (Acts 1923, R. S., ch. 21). The territory embraced in such independent school district was all of that in the old Grassland Common School District #21 plus some contiguous territory. Since the independent school district thus created by the 38th Legislature is the one involved in the present inquiry, the metes and bounds of such district provided in the Act of its creation are important. Here again the East boundary of said independent school district is defined in relation to the county line. The description begins, "at a point in the south line of survey #1359." That this point was intended to be and is on the county line is demonstrated by the closing description which is, "thence east to the county line, thence south on the county line to the place of beginning."

Thus the last designation of metes and bounds of both the Grassland Independent School District of Lynn County and the Graham Consolidated Common School District #2 of Garza County, Texas, is by reference to the common county line between Lynn and Garza Counties. Since the Garza-Lynn county line was considered to run west of the line established by the Supreme Court in 1933, what is in fact the dividing line between the two districts?

In Trustees of Dover Common School District #66 vs. Dawson Independent School District (Civ. App.), 223 S. W. 556, and in Camp vs. Hawley Independent School District (Civ. App.), 150 S. W. 186, writ refused, it was held that disputes as to boundary lines between school districts are governed by the rules which generally obtain in boundary suits. In ascertaining boundaries of grants generally the consideration of primary importance is the intention of the parties. Jones vs. Andrews, 62 Tex. 652; Huff vs. Crawford, 89 Tex. 214, 34 S. W. 607. Likewise, in construing a statute, we are told that we must determine the intent of the Legislature. McInery vs. City of Galveston, 58 Tex. 334; Clary vs. Hurst, 104 Tex. 423, 138 S. W. 566.

From the facts submitted, it is apparent that the undoubted intent of the Legislature in creating the Grassland

Independent School District, and of the Garza County Board of Trustees in creating the Graham Consolidated Common School District #2, was that each district should run to the respective county lines. In neither instance was a county line school district, the creation of which was provided for by the Legislature in Acts 1911, at p. 200, Acts 1917, p. 441, and Article 2743, Revised Civil Statutes, 1925, contemplated. We must interpret the action of the Garza County Board of Trustees in the light of what it could legally accomplish. Acting alone, it had no legal authority to create a common school district embracing territory in another county. As pointed out in County School Trustees of Runnels County vs. State (C.C.A. 1936), 95 S. W. (2d) 1001, either in the creation or abolition of county line school districts, or in changing their boundaries, the school authorities of all counties affected must act together. This they manifestly did not do. Nor did they seek to accomplish this result. The result sought to be accomplished, and which we hold was in fact accomplished, was the creation of contiguous school districts bounded by the common county line of Lynn and Garza Counties.

Consequently, you are respectfully advised, and it is the opinion of this department, that the county line between Lynn and Garza Counties as established by the Supreme Court in 1933 is the common boundary line between the Grassland Independent School District of Lynn County and the Graham Consolidated Common School District #2 of Garza County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

James D. Smullen
James D. Smullen

APPROVED MAY 23, 1940
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS By

JDS/oe



APPROVED
OPINION
COMMITTEE
BY BWR
CHAIRMAN